LAWRENCE D. MEYERS, PROSECUTOR, v. ANGELINE R. HOY, DEFENDANT.

Argued October 3, 1945—Decided April 25, 1946.

Before Justices DONGES, HEHER and COLIE.

For the prosecutor, *Lynwood Lord.*

For the defendant, *Curry & Purnell* (*George Purnell,* of counsel).

PER CURIAM.

This is the return of a rule to show cause why a writ of *certiorari* should not be allowed to review a judgment of the Gloucester County Court of Common Pleas.

Angeline R. Hoy commenced dispossess proceedings against Lawrence D. Meyers in the Small Cause Court of Gloucester County for the possession of premises in Glassboro. The premises in question were leased to Meyers for a period of one year expiring July 1st, 1943. The lease was extended for a term of one year to July 1st, 1944, and thereafter Meyers continued in possession and rent was accepted by Mrs. Hoy. This created a tenancy from month to month under the provisions of *R. S.* 46:8–10. While the tenancy from month to month was in effect, Mrs. Hoy served upon the prosecutor notice to deliver up possession of the premises on December 1st, 1944. Prosecutor Meyers did not vacate the premises, whereupon dispossess proceedings were commenced and the matter came on before the Small Cause Court.

On the trial of the cause, Mrs. Hoy proved that the relationship of landlord and tenant existed between the parties and the tenant thereupon introduced correspondence and an executed but undelivered deed which, according to his contention, had the effect of destroying the relationship of landlord and tenant, and putting in question the title to real estate. We think the evidence tendered by the tenant fell far short of putting in question title to the lands. The rule to show cause is dismissed, with costs.